64863. SOSSENKO v. MICHELIN TIRE CORPORATION.

DEEN, Presiding Judge.

George Sossenko brought an action against his former employer, Michelin Tire Corp., claiming that while he was in Michelin's employ as a senior field engineer he became aware that certain experimental test tires were of poor quality and resulted in serious accidents to their users. He claims that after reporting the test results to the company, he was intimidated by company officials (who made threats on his life and future employment) into remaining quiet for fear of losing his job and future retirement benefits. He claims that as a result he suffered mental distress requiring psychiatric treatment, his marriage failed and he was unable to perform his job duties, resulting in a series of demotions. After the defendant filed an answer, it engaged in a number of discovery procedures including interrogatories, deposition of the plaintiff, request for admissions, request for production of documents, a second set of interrogatories, and a second request for admissions between February 1980 and November 1980. In December 1980, the plaintiff filed a third request for production of documents and a notice to produce and for supplementation of previous responses. In January of 1981 the plaintiff filed a motion for a protective order and the defendant filed a motion to compel. On March 9, 1981, the motion for a protective order was denied and the plaintiff was given thirty days to comply with the grant of the motion to compel. At this point, the parties' views of the events tend to become conflicting. The defendant claims that plaintiff's counsel contacted defense counsel on April 8 and a meeting was arranged for April 14. The plaintiff seems to claim that there was some sort of mix-up and the end result was that the plaintiff and his attorneys did not attend the meeting. On April 23, defendant's counsel sent a letter to plaintiff's attorneys requesting an explanation for their failure to appear on April 14. They requested

payment of $250 to cover their expenses for the missed meeting and threatened to seek sanctions if the $250 and substantial justification was not given within five days. On April 28, plaintiff's counsel replied to the letter stating that it was his belief that a paralegal in his office had not been able to arrange a meeting, that $150 was enclosed to cover certain costs ordered by the trial court in its order of March 9 to be paid by the plaintiff. Counsel enclosed copies of some of the requested documents accompanied by an affidavit of Sossenko which stated that the enclosed documents *were all that he had* in his possession and offered to allow inspection of the originals.

On June 5, 1981, the defendant moved to dismiss the action for failure to comply with the order of March 9, 1981. The plaintiff appeals from the grant of this motion. *Held:*

The defendant claims that throughout the discovery process the plaintiff has been evasive, made reference to documents he has refused to produce and generally been uncooperative. The voluminous record speaks otherwise. While Sossenko's answers may not have been as responsive as desired, the defendant sought to cure these deficiencies by further discovery. After receipt of the plaintiff's affidavit, however, the issue of production of documents as ordered by the court on March 9 would appear to be moot. Sossenko has sworn that he has supplied the opposing party with copies of all the documents in his possession, has offered the originals for inspection, and therefore could not attempt to produce any more documents at trial without being held in contempt of court. Certainly the dismissal of a lawsuit under Code Ann. § 81A-137 for failure to comply with a discovery order is an extreme sanction which may only be employed for a wilful failure in bad faith or in total disregard of the court's order. See *Delta Equities, Inc. v. Berry,* 127 Ga. App. 590 (194 SE2d 284) (1972). In the present case the parties were apparently in contact before the defendant's time for compliance had expired, there appeared to be some sort of mix-up over the meeting date, and the defendant made no move to have sanctions imposed for some one and one-half months after it received the plaintiff's affidavit and copies of the documents it sought. In view of these facts, the trial court was not justified in dismissing the plaintiff's lawsuit. If the discovery process has revealed that the plaintiff does not have any basis for his suit, the defendant has other remedies which it may pursue in the court below.

After reviewing the facts in this case, we hold that the trial court did not err in denying Sossenko's motion for a protective order or in granting the motion to compel.

*Judgment reversed. Sognier and Pope, JJ., concur.*

Decided October 29, 1982.

*Jim White, Morris Richman,* for appellant.
*William H. Schroder, Shala Keough,* for appellee.