### 68848. SOSSENKO v. MICHELIN TIRE CORPORATION.
(324 SE2d 593)

SOGNIER, Judge.

George Sossenko brought this action for intentional infliction of emotional distress against his former employer, Michelin Tire Corporation (Michelin). Sossenko based his complaint on eleven incidents in which his life and future employment with Michelin were threatened during the three-year period after he had reported alleged defects in certain experimental test tires manufactured by Michelin. Sossenko claimed that as a result of these threats, he was intimidated into remaining silent, became unable to perform his job duties, and suffered mental stress which led to the breakup of his marriage. For further details see our opinion in *Sossenko v. Michelin Tire Corp.*, 164 Ga. App. 201 (296 SE2d 754) (1982) reversing the trial court's grant of Michelin's motion to dismiss for failure to comply with discovery. The present appeal is by Sossenko from the trial court's grant of Michelin's motion for summary judgment.

Appellant contends that genuine questions of material fact remain as to his claim of intentional infliction of emotional distress. In order to sustain a cause of action in this state for the tort of intentional infliction of emotional distress, a plaintiff must show that "defendant's actions were so terrifying or insulting as naturally to humiliate, embarrass or frighten the plaintiff." *Ga. Power Co. v. Johnson*, 155 Ga. App. 862, 863 (274 SE2d 17) (1980). See *East River Savings Bank v. Steele*, 169 Ga. App. 9, 10 (311 SE2d 189) (1983). Even construing the evidence as we must, in favor of appellant as the nonmoving party, an exhaustive review of the record in this case reveals no actions directed against appellant by appellee that amount to "the kind of egregious conduct necessary to state a claim for the intentional infliction of emotional distress." *Thomas v. Ronald A. Edwards Constr. Co.*, 163 Ga. App. 202, 205 (2) (293 SE2d 383) (1982).

The majority of the incidents appellant claims support his case involve advice and warnings to appellant from appellee's personnel when appellant complained of various job transfers he underwent within the corporation. (We note that although appellant asserts that these transfers were demotions, appellant's salary steadily increased during his entire tenure with appellee.) Appellant would have us construe as threats statements by appellee's personnel that appellant accept the job transfers and do his job or "worse things would happen to him" and he might lose his job. He was also told he should quit talking and work the short remainder of time left before he would earn his retirement. Other alleged threats consisted of warnings by foremen regarding safety at the warehouse where appellant was working, a statement by a superior admonishing him to obey a member of appellee's law department at a forthcoming meeting to discuss litigation concerning the test tires or else appellant would be "in jeopardy," and a statement by that law department member not to talk about the test tires if he wanted to enjoy his retirement and "to keep living." Appellant in his deposition admitted that he was not personally frightened or intimidated by any of the individuals who made these various statements.

Despite appellant's arguments to the contrary, it is clear that the language used by appellee's personnel consisted either of expressions of dissatisfaction with appellant's job performance or suggestions that if appellant did not improve his job performance he might be terminated and lose his eligibility for retirement benefits. Claims for intentional infliction of emotional distress have been upheld by this court when the threats on which those claims were based were outrageous and egregious, such as where a defendant terrorized a frightened plaintiff at gunpoint in an attempt to collect a bill, (*American Finance & Loan Corp. v. Coots*, 105 Ga. App. 849 (125 SE2d 689) (1962), and where a defendant physically intimidated frightened

mourners as they attempted to bury a family member at the cemetery, *Stephens v. Waits*, 53 Ga. App. 44 (184 SE 781) (1936)). See also *Delta Finance Co. v. Ganakas*, 93 Ga. App. 297 (91 SE2d 383) (1956); *Dunn v. Western Union Tel. Co.*, 2 Ga. App. 845 (59 SE 189) (1907). We agree with the trial court that, considered individually or collectively, the statements made to appellant could not have forseeably resulted in the mental distress of which appellant complains because they do not rise to the requisite level of outrageousness and egregiousness. See *Hamby v. Edmunds Motor Co.*, 80 Ga. App. 209, 213 (55 SE2d 743) (1949).

The remaining incident claimed by appellant to support his case involved an alleged telephone call from an anonymous person, claiming to be with appellee and stating that appellant should quit talking about the tire testing program or his life would be endangered. However, without additional evidence identifying the caller with appellee, this alleged threat cannot be attributed to appellee. *Myers v. Brown*, 74 Ga. App. 534 (40 SE2d 391) (1946).

Appellee, as the party moving for summary judgment on the grounds that the opposing party has no valid claim, has the burden of producing evidence which negates that claim. *Yalanzon v. Citibank (South Dakota)*, 169 Ga. App. 961, 962 (2) (315 SE2d 677) (1984). Appellee has sustained its burden of showing the absence of a genuine issue of material fact as to appellant's complaint for the intentional infliction of emotional distress and, accordingly, the trial court correctly granted summary judgment to appellee.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED NOVEMBER 28, 1984.

*Jim White*, for appellant.
*William H. Schroder*, for appellee.