## A90A1671. PEOPLES v. GUTHRIE.
(404 SE2d 442)

BIRDSONG, Presiding Judge.

Elizabeth Peoples sued Mickie Harrison Guthrie for slander and intentional infliction of emotional distress, arising when Ms. Guthrie, who was a supervisor at the Georgia Retardation Center where Ms. Peoples worked, accused Peoples of cheating on a test. The jury awarded the plaintiff Peoples compensatory damages of $17,500 with punitive damages of $110,000 for the count of slander, and awarded compensatory damages of $62,000 with punitive damages of $62,000 for the count of intentional infliction of emotional distress.

The trial court, on the defendant's motion for judgment n.o.v., struck the award of punitive damages for slander, and struck all damages awarded for intentional infliction of emotional distress.

The evidence showed that when appellant Peoples was taking her examination in an office area, the defendant Guthrie came in and, after first asking appellant to remove her purse from her desk to the floor, demanded to look inside the plaintiff's purse. Appellant, in some shock and surprise, refused. Guthrie then asserted appellant was cheating; she went to an administration desk nearby and stated

she wanted a certain form because she had caught an employee cheating. After Guthrie went back to her office, she called appellant on the telephone and told her she was not going to get the position anyway.

Appellant showed evidence that she suffered great emotional distress by being accused of cheating in the hearing of other employees, and that the center employees were prone to gossip and several employees confronted the plaintiff about having been caught cheating. A psychologist testified Ms. Peoples suffered from Traumatic Stress Syndrome and exhibited symptoms of very great stress.

Appellant's evidence showed this was not the type of test that could be cheated on, and that she had scored the highest score among examinees when she had taken the same test for the same position (night shift) four years earlier, and that Guthrie knew this. There is no evidence appellant was in fact cheating; rather Guthrie testified she saw a piece of paper in appellant's purse that looked like a copy of the test. *Held*:

1. There is evidence in this case of the *inferred* malice which will support compensatory damages for slander pursuant to OCGA § 51-5-5 (see *Melton v. Bow*, 145 Ga. App. 272, 273 (243 SE2d 590)), but there is no evidence of the *actual* malice necessary to support the award of punitive damages for slander. See *Macon Telegraph Pub. Co. v. Elliott*, 165 Ga. App. 719, 721 (302 SE2d 692).

The evidence, construed in favor of the verdict according to the rules for determination of judgments n.o.v. (see *Melton*, supra at 274; OCGA § 9-11-50 (b); *Gordon v. Frost*, 193 Ga. App. 517, 522 (388 SE2d 362)) shows that two employees overheard Guthrie accuse appellant of cheating, but there is no evidence Guthrie deliberately and directly broadcast the accusation to any non-privileged employee. See *Melton*, supra at 273; *Walter v. Davidson*, 214 Ga. 187 (104 SE2d 113). There is no evidence that prior to this incident Guthrie bore appellant any ill will or that there had ever been difficulty between them. There is no evidence the defendant knew the plaintiff was not cheating and in the hearing of others deliberately made the accusation out of spite or other animus amounting to actual malice. The evidence shows Guthrie did believe she had reason to suspect appellant was cheating; although the jury found she clearly was mistaken in this belief, and the evidence authorizes a finding she was negligent or imprudent or even careless, it does not authorize a conclusion that her accusations were made " 'with knowledge that (the defamation) was false or with reckless disregard of whether it was false or not.' " *Macon Telegraph Pub. Co.*, supra, p. 721. Accordingly, the evidence does not support an award of punitive damages on the slander count and the trial court did not err in striking that award.

2. Construing the evidence and every reasonable inference therefrom in favor of the verdict, we find the evidence does not support a

award for the tort of intentional infliction of emotional distress.

The compensatory award for slander redresses the damages arising from Guthrie's actions in broadcasting her accusation of cheating. If appellant is not to receive a double recovery on account of Guthrie's conduct in making other persons aware of her accusation, then obviously the claim for intentional infliction of emotional distress must be based solely upon Guthrie's conduct directly toward the plaintiff.

Guthrie's conduct to appellant, independent of any slander, does not rise to the level of "intentional infliction of emotional distress" justifying the award of damages in this state. In *Moses v. Prudential Ins. Co. of America*, 187 Ga. App. 222, 225 (369 SE2d 541), we held, "it is not enough that appellant's conduct in a given situation is intentional or that it is wilful and wanton. In order to warrant recovery under either theory, the conduct also must be of such serious import as to *naturally* give rise to such intense feelings of humiliation, embarrassment, fright or extreme outrage as to cause severe emotional distress. Otherwise, the conduct will not rise to the requisite level of outrageousness and egregiousness. *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. 227, 229-230 (335 SE2d 445); *Thomas v. Ronald A. Edwards Constr. Co.*, 163 Ga. App. 202 (2) (293 SE2d 383). . . . The Restatement (Second) of Torts, [Ch. 2, Emotional Distress, § 46 (1)], comment d . . . observes that: '(t)he liability clearly does not extend to mere insults, indignities, [threats], annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of . . . filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where someone's feelings are hurt.' "

A false accusation of dishonesty or lack of integrity in connection with one's employment conduct is undoubtedly a distressful, even "horrifying" and traumatizing insult, but it is a common vicissitude of ordinary life. We held such conduct not to be the intentional infliction of emotional distress, in *Crowe v. J. C. Penney*, 177 Ga. App. 586 (340 SE2d 192); *Bridges v. Winn-Dixie of Atlanta*, supra; *Arrowsmith v. Williams*, 174 Ga. App. 690 (331 SE2d 30); see also *Sossenko v. Michelin Tire Co.*, 172 Ga. App. 771 (324 SE2d 593).

Emotional distress inflicted by another is not an uncommon condition; emotional distress " 'includes all highly unpleasant mental reactions such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea. It is only where it is extreme that liability arises.' " *Bridges*, supra at 230. 'The law intervenes only where the distress inflicted is so severe that no reasonable man could be expected to endure it.' " Id. It is

not the severity of a plaintiff's reaction that controls in these cases: " 'The distress must be reasonable and justified under the circumstances, and there is no liability where the plaintiff has suffered exaggerated and unreasonable emotional distress, unless it results from a peculiar susceptibility to such distress of which the actor has knowledge.' " Id. See, e.g., *Gordon v. Frost*, supra. There was no evidence Guthrie, or anyone else, had any knowledge of such peculiar susceptibility to distress as appellant had in this case.

We find as a matter of law that the defendant's conduct, independent of her slander, is not the intentional infliction of emotional distress for which the law allows a recovery. Accordingly, the trial court did not err in granting judgment n.o.v. to Guthrie on this claim.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 19, 1991 —
REHEARING DENIED MARCH 13, 1991 — 

*Russell & Herrera, D. Lynn Russell*, for appellant.

*Michael J. Bowers, Attorney General, William C. Joy, Senior Assistant Attorney General, William M. Droze, Mary Foil Russell, Assistant Attorneys General*, for appellee.