A95A2046. TRIMBLE v. CIRCUIT CITY STORES, INC.
(469 SE2d 776)

BEASLEY, Chief Judge.

This is an interlocutory appeal by plaintiff Trimble, a former employee of defendant Circuit City Stores, Inc., from an order pursuant to OCGA § 9-11-12 (b) (6) granting Circuit City's motion to dismiss portions of the complaint alleging intentional infliction of emotional distress and entitlement to punitive damages.

Trimble alleges the following facts relevant to the dismissed counts: On April 15, 1992, Circuit City hired Trimble as Sales Counselor working on commissions. Trimble specifically requested, and was assured, that she would not lift more than 25 pounds in performing her job. In September, Circuit City transferred Dan Pea to Trimble's store and made him Trimble's immediate supervisor. Pea repeatedly sexually harassed Trimble, including unwanted touching, lewd comments and gestures, and other similar acts. Pea allegedly would hug Trimble, rub up against her body, and gesture in a manner that made Trimble extremely uncomfortable. Pea also ridiculed Trimble in front of other employees, telling them that Trimble did not wear underwear. Under the pretext of inspecting Trimble's clothes to meet store requirements, Pea allegedly placed his hands down inside her shirt. Trimble reported these matters to the store manager but, apart

from a warning, Circuit City took no action.

Pea continued harassing Trimble, scheduling long hours for her and denying requests for days off while granting other employees' requests. Pea asked another employee if he was "doing Sharon." Trimble again unfruitfully reported the incidents to the store manager.

On February 16, 1993, Trimble filed charges of sexual harassment with the EEOC. On the same day, Pea resigned for reasons which Circuit City refused to disclose. Trimble alleges that afterwards the store continued its pattern of intentional harassment, including deliberately altering and removing her sales figures upon which commissions were figured, requiring Trimble to work extremely long hours with no days off, ordering her to lift television consoles in excess of 25 pounds, refusing to compensate her for overtime, and forcing her to perform price comparisons at competitors more often than other sales personnel, reducing her volume of commission sales.

Trimble received honors for outstanding results in video sales and sales excellence, yet Circuit City consistently charged her with various infractions over which she had no control. She reported the problems to the store manager, who did nothing to remedy them. Circuit City's treatment affected her health and eventually forced her to resign on November 15. She fainted the next day and had to be taken to a medical facility, where the doctors determined she suffered from dehydration, stress, and exhaustion.

A motion to dismiss should not be granted unless, construing the pleadings in a light most favorable to plaintiff, it appears to a certainty that plaintiff would be entitled to no relief under any state of facts which could be proved in support of her claim. *Wehunt v. ITT Business Communications Corp.*, 183 Ga. App. 560, 561 (2) (359 SE2d 383) (1987); *Bourn v. Herring*, 225 Ga. 67, 70 (166 SE2d 89) (1969). Applying this standard and the rationale of *Yarbray v. Southern Bell Tel. &c. Co.*, 261 Ga. 703, 706 (409 SE2d 835) (1991), we cannot agree with the trial court's conclusion that Circuit City's alleged conduct was insufficient to establish the requisite "outrageousness" of the alleged facts.

A plaintiff must prove the following elements in order to recover for intentional infliction of emotional distress: (1) intentional or reckless conduct (2) which is extreme and outrageous and (3) caused the emotional distress (4) which is severe. *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. 227, 230 (335 SE2d 445) (1985). The existence of a special relationship between the actor and victim, such as that of employer to employee, may make otherwise non-egregious conduct outrageous. Id.

Whether the conduct alleged is sufficiently extreme or outrageous to support recovery is a question of law for the trial court. *Yarbray*, supra at 706 (2). Factors include the existence of a relationship in

which one person has control over another, *Anderson v. Chatham*, 190 Ga. App. 559, 567 (8) (379 SE2d 793) (1989); the actor's awareness of the victim's particular susceptibility, *Williams v. Voljavec*, 202 Ga. App. 580, 582 (415 SE2d 31) (1992); and the severity of the resultant harm. *Anderson*, supra. Some claims have been found not to meet the threshold of outrageousness and egregiousness as a matter of law. *Gordon v. Frost*, 193 Ga. App. 517, 521 (388 SE2d 362) (1989). Other cases in which reasonable persons could differ must be decided by a jury. Id.

In *Yarbray*, supra, the Supreme Court held an employer's retaliation against an employee for testifying against the employer could provide the basis for an employee's intentional infliction of emotional distress claim. The employee filed an employment discrimination suit against her employer and served as a witness for a similar suit by a co-worker. The employer's attorney told the employee " 'he hoped that [her testifying against the company] would not affect (her) job.' " Id. at 704. After the employee testified "against" the company, she was transferred to a position considered to be a demotion. This alleged retaliation met the threshold which reasonable persons would consider outrageous. Id. at 706 (2).

Circuit City's alleged conduct likewise satisfies the threshold. The conduct occurred "in a workplace setting, in which the element of control is present. '(B)y its very nature, (the employee-employer relationship) provides a captive victim who may fear reprisal for complaining, so that the injury is exacerbated by repetition, and it presents a hierarchy of structured relationships (that) cannot easily be avoided.' [Cit.]" *Richardson v. Hennly*, 209 Ga. App. 868, 872 (434 SE2d 772) (1993). See also *Lightning v. Roadway Exp.*, 60 F3d 1551, 1558 (11th Cir. 1995), where a supervisor subjected an employee to obscene and abusive language, and management undertook a strategy of writing up the employee for infractions in order to justify termination. The court upheld judgment against the employer. Similar is *Coleman v. Housing Auth. of Americus*, 191 Ga. App. 166 (381 SE2d 303) (1989), where a supervisor engaged in sexual harassment through conversation, innuendo, and body language. The court affirmed denial of the supervisor's motion for summary judgment.

Circuit City relies on *Sossenko v. Michelin Tire Corp.*, 172 Ga. App. 771 (324 SE2d 593) (1984), but it is distinguishable. The court held that after an employee reported alleged manufacturing defects, his employer's statements to the employee concerning his job performance were not sufficiently outrageous so as to satisfy a claim for emotional distress. The court noted that the incidents the employee cited involved advice and warnings to him when appellant complained of various job transfers, which the employee insisted were demotions; however, his salary steadily increased. In addition, the employee ad-

mitted he was not personally frightened or intimidated by any of the individuals who made various statements to him.

The allegations in this case contrast sharply. Circuit City's conduct toward Trimble, if proven, could be construed as a threat to Trimble's physical health (requiring Trimble to work extremely long hours with no days off and to lift in excess of 25 pounds) and her livelihood (altering her sales figures and forcing her to perform price comparisons so that she could not make commission sales).

Circuit City further argues that reversal of the lower court will "remove the distinction between the common law tort . . . and Title VII, and undermine the requirements of the federal statute." Just because Trimble may have a claim under Title VII of the Civil Rights Act of 1964 (42 USCA § 2000e), she is not foreclosed from bringing what Circuit City characterizes as "a claim for retaliation under Title VII dressed up in the guise of a common law claim for intentional infliction of emotional distress." Circuit City cites several policy reasons to support its position, essentially contending that Title VII preempts the common law in this narrow area.

No authority is cited. On the other hand, Title VII provides, "Nothing in this subchapter shall be deemed to exempt or relieve any person from any liability, duty, penalty, or punishment provided by any present or future law of any State or political subdivision of a State." 42 USCA § 2000e-7. Title VII itself expressly does not preempt Trimble's common law claim.

Circuit City also relies on the general rule that an employer is not liable for an employee's intentional torts, including sexual harassment. *Smith v. Holeman*, 212 Ga. App. 158, 161 (441 SE2d 487) (1994); *Favors v. Alco Mfg. Co.*, 186 Ga. App. 480, 482 (2) (367 SE2d 328) (1988). It asserts that Trimble is therefore "precluded from relying on any of the alleged actions of Mr. Pea, the alleged harasser." While it is true that Circuit City cannot be held vicariously liable for Pea's intentional sexual harassment unless Circuit City ratified his actions, *Newsome v. Cooper-Wiss, Inc.*, 179 Ga. App. 670, 673 (3) (347 SE2d 619) (1986), Circuit City's knowledge of Pea's actions against Trimble may give rise to liability nonetheless. Id. The first element of a claim such as Trimble's requires that the conduct be intentional or reckless. *Bridges*, supra at 230. Accord *Johnson v. Savannah College of Art & Design*, 218 Ga. App. 66, 67 (460 SE2d 308) (1995). A plaintiff may prove circumstances "in which there [was] no certainty, but merely a high degree of probability that the mental distress [would] follow, and the defendant [went] ahead in conscious disregard of it." Prosser and Keeton on Torts, p. 64, § 12 (5th ed. 1984). The actions of Pea, to the extent Circuit City was aware of them and did little or nothing, are relevant as to whether there was a "high probability" that mental distress would result from Circuit City's response.

Furthermore, as in *Yarbray*, where the employer was found to have retaliated against the employee for testifying against the company, a jury could find that Circuit City retaliated against Trimble for filing an EEOC claim and that such retaliation in this instance was outrageous. A jury could also find that Circuit City simply decided to make Trimble miserable enough to resign by engaging in a practice of writing her up on unwarranted claims of infractions, as did the employer in *Lightning*, supra.

Trimble's alleged facts satisfy the pleading requirement. The trial court therefore erred in dismissing Trimble's claim because a jury could grant relief should Trimble prove the facts alleged in her complaint.

*Judgment reversed and remanded. Pope, P. J., and Ruffin, J., concur.*

DECIDED MARCH 7, 1996.

*Nelson & Hill, Joseph C. Nelson III, John F. Beasley, Jr.*, for appellant.

*Wimberly & Lawson, J. Larry Stine*, for appellee.