A99A0925. UNITED PARCEL SERVICE v. MOORE.
(519 SE2d 15)

Judge Harold R. Banke.

Jerusha Moore sued United Parcel Service for intentional infliction of emotional distress. In this interlocutory appeal of the order

denying summary judgment to UPS, the question is whether UPS' conduct in stopping payment on a check was sufficiently outrageous and extreme to be tortious.

Construed in favor of Moore, the evidence showed that her parents contracted with Lone Star Sports to ship a computer to Moore via UPS. When the computer was damaged during shipment, UPS told Moore it would cover the loss and sent her a check, which she deposited. Without informing Moore, UPS then stopped payment on the check to recoup monies owed by Lone Star Sports to UPS. Three checks written by Moore bounced, and Moore's bank threatened her with criminal prosecution for writing bad checks. Moore became emotionally distraught as a result. Two months later UPS forwarded another check in the same amount to Moore, which she cashed. *Held*:

To survive summary judgment on a claim for intentional infliction of emotional distress, a plaintiff must show all four of the following elements:

(1) The conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; and (4) The emotional distress must be severe.

(Citation and punctuation omitted.) *Odem v. Pace Academy*, 235 Ga. App. 648, 654 (2) (510 SE2d 326) (1998); see *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. 227, 230 (1) (335 SE2d 445) (1985).

The rule of thumb in determining whether the conduct complained of was sufficiently extreme and outrageous is whether the recitation of the facts to an average member of the community would arouse her resentment against the defendant so that she would exclaim "Outrageous!" *Yarbray v. Southern Bell Tel. &c. Co.*, 261 Ga. 703, 706 (2) (409 SE2d 835) (1991). It must be so serious "as to *naturally* give rise to such intense feelings of humiliation, embarrassment, fright or extreme outrage as to cause severe emotional distress." (Emphasis in original.) *Peoples v. Guthrie*, 199 Ga. App. 119, 121 (2) (404 SE2d 442) (1991). It does not include mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living, but must go beyond all reasonable bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community. *Discovery Point Franchising v. Miller*, 234 Ga. App. 68, 73 (4) (505 SE2d 822) (1998); *Moses v. Prudential Ins. Co. of America*, 187 Ga. App. 222, 225 (369 SE2d 541) (1988). Whether reasonable persons could find the conduct reaches this level is a question of law for the court. *Yarbray*, supra, 261 Ga. at 706 (2).

Stopping payment on a check, especially to recoup monies owed,

does not constitute extreme and outrageous conduct. The law fully accords the drawer of an uncertified check the right to order her bank to stop payment, if done before certain events specified in OCGA § 11-4-303 (a). See OCGA § 11-4-403 (a); *Ga. R. Bank &c. Co. v. First Nat. Bank &c. Co.*, 139 Ga. App. 683, 685 (229 SE2d 482) (1976), aff'd, 238 Ga. 693 (235 SE2d 1) (1977). Persons depositing uncertified checks take the risk of non-payment by the drawee bank, which may leave them with remedies against the drawer or others. See *Stewart v. C & S Nat. Bank*, 138 Ga. App. 209 (225 SE2d 761) (1976). But intentional infliction of emotional distress is not one of those remedies. Sharp or sloppy business practices, even if in breach of contract, are not generally considered as going beyond all reasonable bounds of decency as to be utterly intolerable in a civilized community. *Discovery Point Franchising*, supra, 234 Ga. App. at 72-73 (3), (4); see *Fulton v. Anchor Savings Bank*, 215 Ga. App. 456, 469 (7) (452 SE2d 208) (1994) (wrongful repossession that was not abusive was not sufficiently outrageous, especially when auto was returned after mistake discovered); *Evans v. Willis*, 212 Ga. App. 335, 337 (1) (a) (441 SE2d 770) (1994) (losing wedding dress was not sufficiently outrageous).

Moore's pre-existing medical condition (hydrocephalus) plays no role in this determination, as no evidence showed UPS was aware of her malady. See *Bridges*, supra, 176 Ga. App. at 230 (1) (no liability where plaintiff suffers exaggerated emotional distress unless resulting from peculiar susceptibility of which defendant has knowledge).

Because UPS' conduct was not extreme or outrageous, the court erred in denying summary judgment on Moore's claim of intentional infliction of emotional distress.

*Judgment reversed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED JUNE 1, 1999.

*Long, Aldridge & Norman, Henry F. Sewell, Jr., David N. Stern,* for appellant.

*Mills & Chasteen, Ben B. Mills, Jr.,* for appellee.