A00A0622, A00A0623. ASHMAN et al. v. MARSHALL'S OF MA, INC. et al.; and vice versa.

(535 SE2d 265)

MILLER, Judge.

Lindsay Ashman sued Marshall's of MA, Inc. and an off-duty police officer it employed, Gary Broom, for intentional infliction of emotional distress for statements Broom made as Ashman and her friend Casey Harris exited a Marshall's store. The trial court granted summary judgment to both Marshall's and Broom on the ground that the statements did not rise to the level of outrageousness necessary to support the claim. The court denied Marshall's motion for summary judgment which had asserted that Broom's statements were made outside the scope of his duty as an in-store security guard. In Case No. A00A0622, Ashman appeals the grant of summary judgment to Marshall's and Broom; in Case No. A00A0623, Marshall's cross-appeals the denial of summary judgment on the alternative ground.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.[1] "We review the grant or denial of a motion for summary judgment de novo, construing the evidence and all reasonable inferences therefrom in the light most favorable to the nonmovant."[2]

Viewed in the light most favorable to Ashman, the evidence authorizes the following facts. Ashman and her friend Harris exited a Marshall's store and walked toward their automobile. Ashman suffers from ataxia as a result of a car accident, which causes her to have a shaky and unbalanced stride. As Ashman approached her car, she stopped and wobbled in her walk. She unlocked the car from the passenger side and got in. In the parking lot uniformed off-duty Police Officer Broom observed Ashman and Harris and approached. Broom asked Harris, "Hey partner! What's going on here," pointing to Ashman, and Harris explained that she had been in a car accident. When Harris tried to explain Ashman's ailment to Broom, he responded "don't feed me that sh——." Ashman, then sitting in the pas-

---

[1] OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] (Citation omitted.) *Bell v. Sasser*, 238 Ga. App. 843, 844 (520 SE2d 287) (1999); see *McCoy v. Winn Dixie Stores*, 238 Ga. App. 543 (519 SE2d 689) (1999).

senger side of the car, leaned over to open the door for Harris and waved her handicapped parking permit so that Broom could see it. When Ashman displayed the permit, Broom responded, "Hah man, she is all 'fu— up.'" Broom then stated, "you've got to understand where I'm coming from," and walked away.

Ashman cried for most of the evening following the incident and instead of going to the mountains as planned, she instructed Harris to drive her home. She suffered damage to her self-esteem, was embarrassed and humiliated, and had difficulty interacting socially. The experience has also hindered her ability to improve her limp.

### Case No. A00A0622

1. Ashman contends that because Broom continued to use obscene language even though informed of her condition, this conduct was sufficiently extreme and outrageous to withstand summary judgment. The appellees argue that Broom's conduct does not rise to the requisite level of outrageousness to sustain a cause of action for intentional infliction of emotional distress.

To prevail on a claim for intentional infliction of emotional distress, Ashman must demonstrate the following: (a) the conduct giving rise to the claim was intentional or reckless, (b) the conduct was extreme and outrageous, (c) the conduct caused the emotional distress, and (d) the emotional distress was severe.[3] Whether the alleged conduct is sufficiently extreme or outrageous is a question of law for the trial court.[4]

> The rule of thumb in determining whether the conduct complained of was sufficiently extreme and outrageous is whether the recitation of the facts to an average member of the community would arouse her resentment against the defendant so that she would exclaim "Outrageous!"[5]

Actionable conduct does not include insults, threats, indignities, annoyances, petty oppressions, or other vicissitudes of daily living but must go beyond all reasonable bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community.[6] Factors include the existence of a relationship in which one person has control over another, the actor's awareness of the victim's particular sus-

---

[3] *United Parcel Svc. v. Moore*, 238 Ga. App. 376, 377 (519 SE2d 15) (1999); *Trimble v. Circuit City Stores*, 220 Ga. App. 498, 499 (469 SE2d 776) (1996); *Bridges v. Winn-Dixie Atlanta*, 176 Ga. App. 227, 230 (1) (335 SE2d 445) (1985).

[4] *Trimble*, supra, 220 Ga. App. at 499; *Bridges*, supra, 176 Ga. App. at 230.

[5] (Citation omitted.) *Moore*, supra, 238 Ga. App. at 377.

[6] Id.; *Peoples v. Guthrie*, 199 Ga. App. 119, 121 (2) (404 SE2d 442) (1991).

ceptibility, and the severity of the resultant harm.[7] In all events, "major outrage in the language or conduct complained of is essential to the tort."[8]

Broom was satisfied with the explanation of Ashman's movement after he was shown the handicapped parking permit. Assuming he then stated, "she is all fu— up," and "you've got to understand where I'm coming from," we conclude these crass statements simply do not rise to the requisite level of major outrage.

Emotional distress inflicted by another is not an uncommon condition and includes all highly unpleasant mental reactions such as horror, fright, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea.[9] Although Broom's statements were harsh, inappropriate, rude, vulgar, and unkind, we are constrained to find that his conduct does not meet the threshold of outrageousness and egregiousness necessary to sustain a claim for intentional infliction of emotional distress.[10] "[M]ere tasteless, rude or insulting social conduct will not give rise to such a claim."[11] Thus, the court did not err in granting summary judgment to both Marshall's and Broom.

### Case No. A00A0623

2. Marshall's asserts that the trial court erred in denying its motion for summary judgment on the ground that Broom made the statements outside the scope of his duty as an in-store security guard. In light of our holding in Case No. A00A0622, the cross-appeal in Case No. A00A0623 is moot.[12]

*Judgment affirmed in Case No. A00A0622. Appeal dismissed in Case No. A00A0623. Pope, P. J., and Smith, P. J., concur.*

DECIDED MAY 26, 2000.

---

[7] *Trimble*, supra, 220 Ga. App. at 499-500.

[8] (Citation and punctuation omitted.) *Gordon v. Frost*, 193 Ga. App. 517, 522 (388 SE2d 362) (1989); accord *Jarrard v. United Parcel Svc.*, 242 Ga. App. 58, 61 (529 SE2d 144) (2000).

[9] *Peoples*, supra, 199 Ga. App. at 121 (2).

[10] See *Sossenko v. Michelin Tire Corp.*, 172 Ga. App. 771, 773 (324 SE2d 593) (1984); compare *Sevcech v. Ingles Markets*, 222 Ga. App. 221, 224 (474 SE2d 4) (1996) (jury issue on outrageousness where store patron was accused of shoplifting and assaulted and battered by store employee); *Trimble*, supra, 220 Ga. App. at 502 (supervisor's sexual harassment of employee including lewd statements reached necessary level of outrageousness).

[11] (Citation and punctuation omitted.) *Troncalli v. Jones*, 237 Ga. App. 10, 15 (3) (514 SE2d 478) (1999); see *Hendrix v. Phillips*, 207 Ga. App. 394, 395 (1) (428 SE2d 91) (1993).

[12] OCGA § 5-6-48 (b) (3); *Kubler v. Goerg*, 197 Ga. App. 667, 671 (5) (339 SE2d 229) (1990).

*Louis Levenson*, for appellants.

*Webb, Carlock, Copeland, Semler & Stair, Edward A. Miller, Jerome B. McNally, Serena L. Sparks, Rory K. Starkey, Karen E. Woodward*, for appellees.