**FIRST DIVISION**
**BARNES, P. J.,**
**BROWN and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**April 22, 2022**

# In the Court of Appeals of Georgia

A22A0355. BAZEMORE et al. v. U. S. BANK NATIONAL
ASSOCIATION et al.

HODGES, Judge.

Michael J. Bazemore and Vivian R. Bazemore sued U. S. National Bank Association (the "Bank") and the law firm McCalla Raymer Leibert Pierce, LLC ("McCalla") for claims stemming from the foreclosure of their home. Defendants moved to dismiss the lawsuit for failure to state a claim pursuant to OCGA § 9-11-12 (b) (6). The trial court granted the motions, and the Bazemores appealed. We find that the trial court erred in dismissing some, but not all, of the claims. Therefore, we affirm in part and reverse in part, and remand this case for further proceedings consistent with this opinion.

"We review de novo a trial court's determination that a pleading fails to state a claim upon which relief can be granted, treating all material allegations set forth in the complaint as true, treating all denials set forth in the answer as false, and resolving any doubts in favor of the plaintiff." *Campbell v. Ailion*, 338 Ga. App. 382, 383 (790 SE2d 68) (2016).

So viewed, the Bazemores allege that they owned property at 2554 Laquanda Court SW, Atlanta, Georgia 30331. They executed a security deed to U. S. Bank N. A., Its Successors and Assigns, and MERS Mortgage Electronic Registration Systems, Inc. This deed was subsequently assigned to the Bank. The Bazemores allege they received a deficient notice of foreclosure sale from McCalla on behalf of the Bank. Specifically, the Bazemores pled as follows in their complaint:

11. Defendants, MCCALLA, mailed a Notice of Foreclosure Sale to Plaintiffs. The notice did not comply with Georgia law.

12. Defendants, MCCALLA, advertising the subject property failed to satisfy the mandatory statutory requirements set forth pursuant to OCGA § 44-14-162.2 as it did not include the individual or entity who had the full authority to negotiate, amend, and modify all terms of the mortgage with Plaintiffs. Failure to comply with the mandatory statutory requirements rendered the non-judicial foreclosure premature and invalid.

2

13. Plaintiffs contacted U. S. Bank National Association, the entity listed on the sale advertisement having full authority to negotiate, amend and modify all terms of the mortgage, and was informed said entity did not have such authority.

14. Defendant, [Bank] failed to provide Plaintiffs with the required notice(s) listed in Paragraph 22 of the Security Deed prior to exercising the power of sale. Failure to comply with the mandatory contractual requirements rendered the non-judicial foreclose *(sic)* proceedings premature and invalid.

15. Defendants initiated a non-judicial foreclosure of Plaintiffs' property without acceleration of indebtedness as required by Paragraph 22 of the Security Deed.

Following the notice of foreclosure, defendants advertised the property for foreclosure sale, and ultimately sold the property in a non-judicial foreclosure sale.

The Bazemores filed suit, and in their complaint, they explicitly assert causes of action for wrongful foreclosure, breach of contract, breach of the duty of good faith and fair dealing, invasion of privacy, violation of the Georgia Racketeer influenced and Corrupt Organizations Act (RICO), attorney fees, and punitive damages.[1] While

---

[1] Attorney fees and punitive damages as pled are not actually distinct causes of action. See *Franklin Credit Mgmt. Corp. v. Friedenberg*, 275 Ga. App. 236, 242 (2) (d) (620 SE2d 463) (2005) ("The law does not support the concept that pursuing

not separately identified, the Bazemores also appear to assert claims for trespass and intentional infliction of emotional distress based on the content of the complaint.

Defendants answered and attached to their answer several documents.[2] They also moved to dismiss the Bazemores' complaint for failure to state a claim upon which relief can be granted pursuant to OCGA § 9-11-12 (b) (6). The trial court granted defendants' motions, and the Bazemores appeal.

In a single enumeration of error, the Bazemores contend that the trial court erred dismissing their complaint. While some of the Bazemores' claims were appropriately dismissed, we agree that some were improperly dismissed.

At the outset, we note the standard that governs our review of the Bazemores' complaint. "The Georgia Civil Practice Act requires only notice pleading and, under the Act, pleadings are to be construed liberally and reasonably to achieve substantial justice consistent with the statutory requirements of the Act." *Rucker v. Columbia Nat. Ins. Co.*, 307 Ga. App. 444, 446 (1) (a) (705 SE2d 270) (2010). "[I]t is no longer

each type of damages flowing from a specific tort is a separate and independent cause of action.").

[2] The parties disagree as to whether we can consider the documents attached to the answer in analyzing a motion to dismiss for failure to state a claim. We need not address this dispute, however, in light of the specific allegations of the complaint, to which the documents attached to the answer are non-responsive.

4

necessary for a complaint to set forth all of the elements of a cause of action in order to survive a motion to dismiss for failure to state a claim. If, within the framework of the complaint, evidence may be introduced which will sustain a grant of relief to the plaintiff, the complaint is sufficient." (Citation and punctuation omitted.) *Scott v. Scott*, 311 Ga. App. 726, 729 (1) (716 SE2d 809) (2011).

> If a complaint gives the defendant[s] fair notice of the nature of the claim, it should be dismissed for failure to state a claim only if, as our Supreme Court has explained, its allegations "disclose with certainty" that no set of facts consistent with the allegations could be proved that would entitle the plaintiff[s] to the relief [they] seek[]. . . . In assessing the sufficiency of the complaint, we view its allegations of fact in the light most favorable to the plaintiff[s].

(Citations and punctuation omitted.) *Benedict v. State Farm Bank, FSB*, 309 Ga. App. 133, 134 (1) (709 SE2d 314) (2011). With this standard in mind, we consider the individual counts of the Bazemores' complaint. We note that the Bazemores identified causes of action in the beginning of their complaint, but do not individually name the causes of action they later plead. Some of the enumerated "claim[s] for relief[,]" as they are called by the Bazemores, appear to include elements of multiple claims even though they purport to plead a single claim. We have done our best to interpret the complaint despite its inartful drafting.

5

*a. Wrongful Foreclosure*

Georgia law requires that

[n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice shall be in writing, *shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the debtor*, and shall be sent by registered or certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

(Emphasis supplied.) OCGA § 44-14-162.2 (a).

"Where a grantee does not comply with the statutory duty to exercise fairly the power of sale in a deed to secure debt, OCGA § 23-2-114, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure[.]" *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285, 285-286 (1) (443 SE2d 837) (1994). When plaintiffs allege that the statutory requirements of OCGA § 44-14-162.2 have not been followed, they have asserted a claim for wrongful foreclosure.

*Babalola v. HSBC Bank, USA, N.A.*, 324 Ga. App. 750, 753-754 (2) (a) (751 SE2d 545) (2013).[3]

As identified above, the Bazemores allege in Paragraph 11 of their complaint that the notice of foreclosure they received from McCalla on behalf of the Bank failed to comply with Georgia law. They then specify that defendants failed to comply with OCGA § 44-14-162.2 in that they failed to "include the individual or entity who had the full authority to negotiate, amend, and modify all terms of the mortgage with [the Bazemores]." Defendants are correct that in Paragraph 12 of their complaint, the Bazemores reference the advertisement of the property, which is not legally required to properly identify such an individual or entity. But, in Paragraph 12, they also reference the statute which contains the requirements for the foreclosure notice, which does include a requirement to properly identify such an individual or entity. Given the standard by which we judge their complaint, we find that this was sufficient to put defendants on notice that the Bazemores alleged a defect with the foreclosure notice.[4] We need not decide whether to consider the exhibits attached to the answers

---

[3] McCalla has not alleged that it is an improper party against which to bring the wrongful foreclosure claim, and thus we do not reach this issue.

[4] We note that the Bazemores were represented by counsel in the trial court and encourage attorneys to be more careful in drafting their pleadings.

filed by defendants because it is possible that the Bazemores could later establish facts which demonstrate a failure to comply with OCGA § 44-14-162.2 which these documents do not address, such as an allegation that the entity identified in the foreclosure notice as having the authority to "negotiate, amend, and modify all terms of the mortgage" was not the correct entity. See *Mbigi v. Wells Fargo Home Mortg.*, 336 Ga. App. 316, 321 (1) (b) (785 SE2d 8) (2016) (physical precedent only). Accordingly, because it is possible the Bazemores *may* introduce evidence which would sustain a claim for wrongful foreclosure as pled, the trial court erred in dismissing this claim. See *Scott*, 311 Ga. App. at 729 (1).

*b. Trespass*

The Bazemores do not enumerate trespass as a cause of action at the beginning of their complaint, but in their complaint under their first claim for relief, they allege that "Defendants unlawfully interfered with the property rights of the Plaintiffs" and cite to the definition of trespass contained in OCGA § 1-3-3 (20). The Bazemores also contend that defendants "deprived the Plaintiffs of the right to exclusive use and benefit of the subject property" and cite to Georgia's trespass statute, OCGA § 51-9-1.

8

The Bazemores' trespass claim is not well pled, but it seems to stem from their allegation that defendants wrongfully foreclosed on their property. There is no allegation that defendants trespassed on the Bazemores' property in a way which is unrelated to the allegedly wrongful foreclosure. Under Georgia law, "the injured party may not both set aside or cancel the foreclosure and also recover damages for the value of the property." (Citation, punctuation, and emphasis omitted.) *Calhoun First Nat. Bank*, 264 Ga. at 286 (1). In their complaint, the Bazemores seek money damages for the allegedly wrongful foreclosure; they do not seek to set it aside. "The purchaser at a foreclosure sale under a power of sale in a security deed is the sole owner of the property *until and unless the sale is set aside*." (Emphasis in original.) *Vines v. LaSalle Bank Nat. Assn.*, 302 Ga. App. 353 (691 SE2d 242) (2010). Accordingly, defendants could not trespass on property which the Bazemores admit they no longer own – even assuming it is wrongful that they no longer own it – and, to the extent the Bazemores attempted to assert a claim for trespass, it was properly dismissed for failure to state a claim.

*c. Georgia RICO*

Georgia law provides that "[i]t shall be unlawful for any person, through a pattern of racketeering activity or proceeds derived therefrom, to acquire or maintain,

9

directly or indirectly, any interest in or control of any enterprise, real property, or personal property of any nature, including money." OCGA § 16-14-4 (a). "Pattern of racketeering activity" is defined as

> [e]ngaging in at least two acts of racketeering activity in furtherance of one or more incidents, schemes, or transactions that have the same or similar intents, results, accomplices, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents, provided at least one of such acts occurred after July 1, 1980, and that the last of such acts occurred within four years, excluding any periods of imprisonment, after the commission of a prior act of racketeering activity[.]

OCGA § 16-14-3 (4) (A). Relevant to this case, "racketeering activity" includes theft in violation of Article 1 of Chapter 8 of Title 16 of the Official Code of Georgia, violation of the Georgia Residential Mortgage Fraud Act,[5] and conduct defined as racketeering activity pursuant to 18 U. S. C. § 1961 (1), which includes wire fraud and mail fraud.[6] OCGA § 16-14-3 (5) (A) (xii), (xv), (C).

---

[5] "A person commits the offense of residential mortgage fraud when, with the intent to defraud, such person . . . [f]iles or causes to be filed with the official registrar of deeds of any county of this state any document such person knows to contain a deliberate misstatement, misrepresentation, or omission." OCGA § 16-8-102 (5).

[6] "Mail and wire fraud occurs when a person (1) intentionally participates in a scheme to defraud another of money or property and (2) uses the mails or wires in

The Bazemores allege several predicate acts to form the basis of their Georgia RICO claim:

(1) theft in violation of OCGA § 16-8-2 and 16-8-4 by attempting to unlawfully appropriate and unlawfully appropriating their property by "obtaining [their] property through deceitful means with the intention of depriving the [Bazemores] of such property." More specifically, the Bazemores allege that

> defendants engaged in deceit when they intentionally created and failed to correct the false impression that [the Bank] was the owner of the subject property and indebtedness with the legal right to foreclose (OCGA § 16-8-3 (b) (1) & (2)), when they intentionally prevented Plaintiffs from acquiring information pertinent to the disposition of subject property by concealing the true identity of the creditor and secreting unrecorded property transfers (OCGA § 16-8-3 (b) (3)), when they sold and/or transferred property intentionally failing to disclose Plaintiffs' substantial and valid adverse claim, and the legal impediment to the enjoyment of the property (OCGA § 16-8-3 (b) (4)). (Footnotes omitted.)

furtherance of that scheme. In all averments of fraud or mistake, the circumstance constituting fraud or mistake shall be stated with particularity. . . . Likewise, allegations of mail and wire fraud in a civil RICO action must not only be pled in accordance with the heightened pleading standard of OCGA § 9-11-9 (b), but also are required to include such matters as the time, place, and content of the alleged misrepresentations, as well as who made the alleged misrepresentations and to whom." (Citations, punctuation, and footnote omitted.) *Z-Space, Inc. v. Dantanna's CNN Center, LLC*, 349 Ga. App. 248, 254 (2) (c) (825 SE2d 628) (2019).

11

(2) Violating OCGA § 16-8-102 by

> filing with the official registrar of deeds of Rockdale county a document that defendants knew contained a deliberate misstatement, misrepresentation, and omission. Specifically, defendants violated OCGA § 16-8-102 when they filed the advertisement with the legal organs of Fulton County containing the deliberate misstatements.

(3) Violating 18 U. S. C. § 1341 (mail fraud) and 18 U. S. C. § 1343 (wire fraud).

Here, the Bazemores have alleged four predicate acts which they claim constitute a pattern of racketeering activity – theft and theft by deception, residential mortgage fraud,[7] mail fraud, and wire fraud. See OCGA § 16-14-3; *Dixon v. Branch Banking & Tr. Co.*, 349 Ga. App. 768, 775 (6) (824 SE2d 760) (2019) (physical precedent only) ("Theft by deception and residential mortgage fraud, if shown, would constitute RICO predicate acts."); *Mbigi*, 336 Ga. App. at 323-324 (2) (finding that plaintiff's claim that a bank stole the equity in his home by wrongfully foreclosing

---

[7] In support of this claim, the Bazemores allege that documents were filed in Rockdale County, but their property was located in Fulton County. Defendants contend that the Bazemores' complaint contains boilerplate language routinely used by their trial counsel in multiple cases on behalf of multiple parties and that this errant reference to Rockdale County is due to the failure by counsel for the Bazemores to appropriately tailor this boilerplate language to the facts of this case. This may be true. Regardless, at the motion to dismiss phase, it is of no consequence given the standard with which we review the Bazemores' pleadings.

on it and that the bank filed a deed under power which contained a fraudulent statement was sufficient allegation of a pattern of racketeering activity for a Georgia RICO claim to survive a motion to dismiss). The claims for theft and residential mortgage fraud are sufficiently pled. The Bazemores' claims for theft by deception, mail fraud, and wire fraud are not pled with the requisite degree of particularity, but this is not fatal at the motion to dismiss stage, as the trial court should treat the motion to dismiss as a motion for more definite statement as to these claims. See *Roberts v. JP Morgan Chase Bank, Nat. Assn.*, 342 Ga. App. 73, 79 (3) (802 SE2d 880) (2017); see also *Z-Space, Inc.*, 349 Ga. App. at 255 (2) (c) ("Although fraud must be pled with particularity under OCGA § 9-11-9 (b), a complaint alleging fraud should not be dismissed for failure to state a claim unless it appears beyond a doubt that the pleader can prove no set of facts in support of his claim which would entitle him to relief. Rather than move to dismiss, a defendant seeking greater particularity may either move for a more definite statement or wait for the outcome of discovery.") (citation omitted).

> As [the Bazemores'] complaint could allege . . . that [they were] injured by at least two predicate acts which could constitute a pattern of racketeering activity, [defendants have] not shown that [the Bazemores] could not possibly introduce evidence within the framework of the

13

complaint sufficient to grant relief on the RICO claim. The dismissal of [the Bazemores'] RICO claim is therefore reversed.

*Dixon*, 349 Ga. App. at 775 (6).

*d. Invasion of Privacy*

There are several manners in which one can commit the tort of invasion of privacy, and one such manner is "[p]ublicity which places the plaintiff in a false light in the public eye[.]" (Citation and punctuation omitted.) *Assn. Servs., Inc. v. Smith*, 249 Ga. App. 629, 633 (4) (549 SE2d 454) (2001).

> In a false light case, the interest protected is clearly that of reputation, with the same overtones of mental distress as in defamation. Essentially, to establish a claim of false light, [ ] plaintiff[s] must establish the existence of false publicity that depicts the plaintiff[s] as something or someone which [they are] not. Next, the plaintiff[s] must demonstrate that the false light in which [they were] placed would be highly offensive to a reasonable person.

Id.

As discussed above, the Bazemores have adequately pled wrongful foreclosure for purposes of surviving a motion to dismiss for failure to state a claim. Accordingly, their derivative claim that the foreclosure advertisement placed them in a false light survives at this stage as well. The trial court erred in dismissing this claim.

14

*e. Breach of Contract*

In their fourth and fifth claims for relief, the Bazemores allege that the terms of the note and security deed were violated because defendants failed to satisfy the contractual requirements necessary prior to exercising the power of sale. At the outset, the Bazemores do not allege any contract between themselves and McCalla. Accordingly, the trial court properly dismissed any breach of contract claim against it.

> As for breach of contract claims against the Bank,
>
> The elements for a breach of contract claim in Georgia are the (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken. The security deed [the Bazemores allegedly] executed in favor of [the Bank allegedly] contained a power of sale and was thus a contract and its provisions are controlling as to the rights of the parties thereto and their privies. . . . [P]owers contained in a deed to secure debt are matters of contract, and will be enforced as written.

(Citations and punctuation omitted.) *Roberts*, 342 Ga. App. at 76 (1); see also *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 132 (2) (543 SE2d 755) (2000) ("Under Georgia law, it is clear that a security deed which includes a power of sale is a contract and its provisions are controlling as to the rights of the parties thereto

15

and their privies.") (citation and punctuation omitted.). As discussed above, the Bazemores allege that the foreclosure was wrongful because they were not given proper notice, and here they also allege that this was in violation of the terms of their contract with the Bank. Accordingly, the trial court erred in dismissing the breach of contract claim against the Bank for failure to state a claim.

However,

> [e]very contract implies a covenant of good faith and fair dealing in the contract's performance and enforcement. The implied covenant modifies and becomes a part of the provisions of the contract, but the covenant cannot be breached apart from the contract provisions it modifies and therefore cannot provide an independent basis for liability.

*Onbrand Media v. Codex Consulting, Inc*., 301 Ga. App. 141, 147 (2) (c) (687 SE2d 168) (2009). Thus, although listed as if it is a separate cause of action, the Bazemores' breach of the duty of good faith and fair dealing claim is not in fact its own claim.

### *f. Intentional Infliction of Emotional Distress*

Although not separately identified at the beginning of their complaint, in their sixth claim for relief, the Bazemores seem to make a claim for intentional infliction of emotional distress. To prevail on this claim, the Bazemores must show "(1) The

16

conduct must be intentional or reckless; (2) The conduct must be extreme and outrageous; (3) There must be a causal connection between the wrongful conduct and the emotional distress; and (4) The emotional distress must be severe." (Citation omitted.) *United Parcel Serv. v. Moore*, 238 Ga. App. 376, 377 (519 SE2d 15) (1999).

> The rule of thumb in determining whether the conduct complained of was sufficiently extreme and outrageous is whether the recitation of the facts to an average member of the community would arouse her resentment against the defendant so that she would exclaim "Outrageous!" It must be so serious as to naturally give rise to such intense feelings of humiliation, embarrassment, fright or extreme outrage as to cause severe emotional distress. It does not include mere insults, indignities, threats, annoyances, petty oppressions, or other vicissitudes of daily living, but must go beyond all reasonable bounds of decency so as to be regarded as atrocious and utterly intolerable in a civilized community. Whether reasonable persons could find the conduct reaches this level is a question of law for the court.

(Citations and punctuation omitted.) Id. The conduct alleged by the Bazemores in their complaint, as a matter of law, does not rise to this level. See *Racette v. Bank of America, N. A.*, 318 Ga. App. 171, 179-180 (3) (733 SE2d 457) (2012) ("But the [plaintiffs'] allegation that the appellees conducted the 2011 Foreclosure Sale despite knowing of inaccuracies in the published foreclosure advertisements cannot be

17

described as extreme, outrageous, atrocious, intolerable or beyond the bounds of decency. It follows that the trial court committed no error in dismissing their claim for intentional infliction of emotional distress.") (citations and punctuation omitted).

In summary, the trial court properly dismissed the Bazemores' claims for trespass and intentional infliction of emotional distress against all defendants and breach of contract against McCalla. The trial court, however, erred in dismissing the Bazemores' claims against all parties for wrongful foreclosure, violation of Georgia's civil RICO, and invasion of privacy, as well as their breach of contract claim against the Bank. We offer no opinion as to the validity of these claims or other dispositive motions which defendants may file, but due to the standard with which we review a motion to dismiss pursuant to OCGA § 9-11-12 (b) (6), dismissal of those claims was improper. See *Webb v. Bank of America, N. A.*, 328 Ga. App. 62, 64 (761 SE2d 485) (2014) ("[Defendants] factual allegations [which contradict the allegations of the complaint] do not require dismissal of the complaint for failure to state a claim. This is factual evidence which may or may not be developed during discovery and can be considered on a subsequent motion for summary judgment. Because it cannot be said with certainty that within the framework of the complaint no evidence could be

introduced that would support the claims for relief, the motion to dismiss should have been denied.") (citations and punctuation omitted).

*Judgment affirmed in part and reversed in part, and case remanded with direction. Barnes, P. J., and Brown, J., concur.*