A03A0488. GUNNELLS v. MARSHBURN et al.
(578 SE2d 273)

PHIPPS, Judge.

Patricia Gunnells sued the Banks-Jackson-Commerce Hospital Authority (BJC) and Dr. Robert Marshburn for slander. In addition, Gunnells filed a claim against BJC for wrongful termination of employment and against Marshburn for wrongful interference with employment. Gunnells appeals the trial court's grant of summary judgment to Marshburn. Finding no error, we affirm.

Gunnells, a nurse, was employed by BJC as an operating room supervisor. Marshburn, a family practice physician, is a member of BJC's staff. Marshburn practiced with Dr. Joseph Griffeth until Griffeth voluntarily surrendered his medical license by allowing it to expire because he had begun to suffer from dementia.

Over a year later, Marshburn's office received a telephone call from a pharmacist in Athens who stated that Gunnells was attempting to obtain refills of prescriptions still being written by Griffeth.

---

[4] *Harper v. State*, 213 Ga. App. 444, 445-446 (1) (445 SE2d 303) (1994).

Upon being told about this, Marshburn reported the incident to the City of Commerce Police Department. Alice Slocum, an employee at Marshburn's clinic, telephoned BJC's personnel director Marilyn Anglin and provided her with the same information. It is undisputed that Slocum did so without Marshburn's knowledge in an attempt to protect Griffeth.

As a result of Slocum's call, Anglin asked Gunnells to submit to drug testing, and she agreed. The results of the drug test showed that Gunnells had been using various unidentified drugs for which she had prescriptions. Anglin decided to suspend Gunnells from employment pending investigation of the matter by law enforcement authorities.

The investigation was conducted by the Drug Enforcement Administration (DEA). Anglin testified that the DEA agent in charge of the investigation reported to her that he felt there were sufficient grounds to bring criminal charges against Gunnells, but that there would be no prosecution because Griffeth's mental state rendered him unable to testify. Anglin further testified that she consulted with other management personnel at BJC and the decision was made to terminate Gunnells's employment because of her overuse of prescription drugs.

When asked during her deposition why she thought Marshburn would have reported her to the police, Gunnells responded that she had gotten on his "bad list" by reporting him for performing surgical procedures for which he was not authorized. In his deposition, Marshburn denied any previous problems with Gunnells.

The trial court awarded summary judgment to Marshburn on Gunnells's slander claim. In this regard, the court found no evidence that Marshburn had made any untrue statements concerning Gunnells. For this same reason, and because Gunnells was an at-will employee of BJC, the court also awarded summary judgment to Marshburn on Gunnells's claim against him for wrongful interference with her employment.

1. Truth is a perfect defense in a civil action for slander.[1] Although Gunnells alleged in her complaint that Marshburn had accused her of soliciting illegal drug prescriptions and committing a crime, Marshburn testified that he had only made a truthful report that Gunnells had attempted to fill prescriptions written by Griffeth after he had surrendered his medical license. Marshburn's testimony finds no contradiction in the record, as the law enforcement officer to whom Marshburn made the report did not testify. Nor is there any

---

[1] *Pinkston v. City of Albany*, 196 Ga. App. 43, 47 (3) (395 SE2d 587) (1990).

evidence that Marshburn's employee, Slocum, made any untrue statement to BJC personnel director Anglin. And even if such evidence existed, it is uncontradicted that Slocum's telephone call to Anglin was not made within the scope of her employment by Marshburn.

Gunnells nonetheless challenges the court's award of summary judgment to Marshburn on her slander claim. She argues that a jury would be authorized to find that Griffeth was authorized to practice medicine when he wrote the prescriptions at issue and that Marshburn's undisputed statement to police was, therefore, untrue.

Gunnells's argument is predicated on Georgia statutes requiring a doctor to record his medical license in the office of the clerk of the superior court of the county in which he resides,[2] and further requiring cancellation of the record of license if it is revoked.[3] Gunnells has presented evidence that Griffeth's license was never cancelled in the superior court of the county where he resides. His license, however, was not revoked; he voluntarily surrendered it by allowing it to expire. Therefore, the statutory provision relied on by Gunnells is not applicable here. And even if it were, the effectiveness of revocation of a doctor's medical license is in no way conditioned on cancellation of the license record in the superior court of the county of his residence.[4]

2. Gunnells also charges the trial court with error in awarding summary judgment to Marshburn on her claim of wrongful interference with her employment.

Gunnells correctly argues that the fact that employment is at will and that the employer is free from liability for discharging an employee does not carry with it immunity to a third person who, without justification, causes the discharge of the employee.[5] But

> "[i]n an action for tortious interference with an employment relationship that is terminable at will, the plaintiff must show that a party with no authority to discharge the employee, being activated by an unlawful scheme or purpose to injure and damage him, maliciously *and unlawfully* persuades the employer to breach the contract with the employee." "Malice plus injury to business of itself does not, however, constitute the tort of wrongful interference with

---

[2] OCGA § 43-34-36.

[3] OCGA § 43-34-39.

[4] See OCGA § 43-34-26 (a person is guilty of practicing medicine without a license if, in fact, he does not possess a valid license to practice medicine); but compare *Murray v. Williams*, 121 Ga. 63 (48 SE 686) (1904) (one who practices medicine without having registered his license as required by OCGA § 43-34-36 cannot recover for his services).

[5] *Favors v. Alco Mfg. Co.*, 186 Ga. App. 480, 483 (4) (367 SE2d 328) (1988).

business. Rather, *an independent wrongful act* is required as well as an injury."[6]

Gunnells has submitted evidence that Marshburn bore her ill will. As recognized in Division 1, however, she has not shown that he committed any wrongful act. Rather, he truthfully reported what had occurred to law enforcement authorities. Therefore, the "improper action or wrongful conduct" element common to all tortious interference claims has no evidentiary support.[7] The absence of evidence on this element entitled Marshburn to summary judgment on Gunnells's tortious interference claim.[8]

*Judgment affirmed. Blackburn, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 13, 2003.

*Thomas M. Strickland*, for appellant.
*Carlock, Copeland, Semler & Stair, Francesca G. Townsend, Daniel J. Huff*, for appellees.

---

[6] (Footnotes omitted; emphasis in original and supplied.) *Rose v. Zurowski*, 236 Ga. App. 157, 158 (1) (511 SE2d 265) (1999).

[7] See id. at 159; *Singleton v. Itson*, 192 Ga. App. 78 (383 SE2d 598) (1989); compare *Favors v. Alco Mfg. Co.*, supra.

[8] See *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).