A08A1760. LAW v. HARRIS et al.

(673 SE2d 14)

JOHNSON, Presiding Judge.

Ardie Bell Law sued Sardis Presbyterian Church, its pastor, and one of its deacons for intentional infliction of emotional distress. Law appeals the trial court's grant of summary judgment in favor of the defendants, claiming that the trial court erred in finding that the defendants' alleged conduct was insufficient as a matter of law to support her claim. Finding no error, we affirm.

A defendant may prevail on its motion for summary judgment by showing the court that the record, viewed in the light most favorable to the plaintiff, reveals "no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case."[1] If the defendant discharges this burden, the plaintiff cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.[2] Our review of an appeal from summary judgment is de novo.[3]

So viewed, the record reveals that Law was a long-time member of the Church and that she managed the Church's food bank, which was located in the Church basement. Law claims that Harold Harris, who was the pastor of the Church, "was verbally abusive . . . , humiliated her in front of other [C]hurch members, and made direct threats to [her] that he intended to take over the food bank." Law alleges that, during an April 6, 2005 meeting at which Harris was in attendance, Church leaders "demanded that [she] return the keys to the [C]hurch, remove all food bank property from the [C]hurch, and cease operations of the food bank." She further claims that when she arrived at the Church the next day, George Fields, who was a Church deacon, "became confrontational" with her in the presence of others and demanded that she "surrender the [C]hurch keys at once."

A plaintiff asserting a claim for intentional infliction of emotional distress must show that she suffered severe emotional distress as a result of intentional or reckless conduct that is extreme and outrageous.[4] The alleged conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of

---

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

[2] OCGA § 9-11-56 (e).

[3] *Conley v. Dawson*, 257 Ga. App. 665, 666 (572 SE2d 34) (2002).

[4] *Lewis v. Northside Hosp.*, 267 Ga. App. 288, 293 (2) (599 SE2d 267) (2004).

decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."[5] Whether conduct rises to the requisite level of outrageousness to sustain a claim is a question of law.[6]

While Law asserts that Church leaders were rude and "just plumb ugly" to her, the law does not provide a remedy for alleged conduct that is merely rude or insulting.[7] As a result, the trial court properly granted summary judgment on Law's claim for intentional infliction of emotional distress.

*Judgment affirmed. Barnes and Phipps, JJ., concur.*

DECIDED JANUARY 6, 2009 —
RECONSIDERATION DENIED JANUARY 23, 2009 — 

*Shelley W. Cox*, for appellant.

*Temple, Strickland, Dinges & Schwartz, William D. Temple*, for appellees.

---

[5] (Citation and punctuation omitted.) *Canziani v. Visiting Nurse Health Systems*, 271 Ga. App. 677, 679 (1) (610 SE2d 660) (2005).

[6] Id.

[7] *Ashman v. Marshall's of MA*, 244 Ga. App. 228, 230 (1) (535 SE2d 265) (2000).