**FIFTH DIVISION
RICKMAN, C. J.,
McFADDEN, P. J., and SENIOR APPELLATE JUDGE PHIPPS**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**November 1, 2021**

# In the Court of Appeals of Georgia

A21A1095. DOE v. ROE.

McFADDEN, Presiding Judge.

This case involves John Doe's claims that Jane Roe transmitted genital herpes to him and Roe's counterclaims that Doe falsely accused her of having genital herpes.[1] Doe appeals from summary judgment rulings against him and the exclusion of a doctor's affidavit filed with his summary judgment motion. We affirm all of the contested trial court rulings except the denial of summary judgment to Doe on the counterclaim for intentional infliction of emotional distress, which we reverse.

The trial court properly excluded the affidavit because it referred to documents that were not identified in or attached to the affidavit; so we affirm that ruling. We

---

[1]We granted a motion to amend the caption of the case and have used pseudonyms in the opinion to protect the identity of the parties.

also affirm the trial court's grant of summary judgment to Roe on Doe's negligence and battery claims; the negligence claims fail because required expert evidence to answer medical questions of causation is missing and the battery claim fails because there is no evidence of an intentional unauthorized touching.

As for the trial court's denial of Doe's motion for summary judgment on Roe's counterclaims, we reverse the denial of summary judgment on the intentional infliction of emotional distress counterclaim because Roe failed to show that her alleged distress was sufficiently severe. But we affirm the trial court's denial of summary judgment as to the counterclaims for defamation and false light invasion of privacy because there are genuine issues of material fact as to those counterclaims.

1. *Facts and procedural posture.*

Doe filed a complaint against Roe, alleging that she had transmitted genital herpes to him. Doe set forth negligence and battery claims and also sought attorney fees and punitive damages. Roe filed an answer and counterclaims, alleging that Doe had falsely accused her of having genital herpes. She set forth counterclaims for libel, slander, false light invasion of privacy, intentional infliction of emotional distress, and malicious prosecution and abuse of process. She also sought attorney fees and punitive damages.

2

Doe moved for summary judgment on Roe's counterclaims, filing with his motion the affidavit of a doctor who stated that he had reviewed documents provided by Doe and determined from those documents that Roe could not deny that she has genital herpes, although the affidavit did not identify the documents reviewed and none were attached to the affidavit. Roe filed a motion to exclude the doctor's affidavit and also filed an opposing motion for summary judgment as to Doe's claims and her counterclaims.

The trial court entered orders granting Roe's motion to exclude the doctor's affidavit for purposes of summary judgment, granting her motion for summary judgment as to Doe's claims, denying her motion for summary judgment on her counterclaims, granting Doe's motion for summary judgment as to Roe's malicious prosecution and abuse of process counterclaim, and denying his motion for summary judgment as to Roe's other counterclaims. Doe appeals, challenging the exclusion of the affidavit and the summary judgment rulings entered against him.

2. *Exclusion of doctor's affidavit.*

Doe contends that the trial court erred in excluding the doctor's affidavit for purposes of summary judgment. We disagree.

OCGA § 9-11-56 (e), which governs affidavits supporting or opposing motions for summary judgment, provides that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." This plain language of "OCGA § 9-11-56 (e) requires sworn or certified copies of all documents referred to in an affidavit to be attached to the affidavit." *Hailey v. Blalock*, 209 Ga. App. 345, 347 (2) (433 SE2d 337) (1993) (citations and punctuation omitted). Indeed, "[i]t is well established that an affidavit purporting to rely on papers or other material not attached to the affidavit is insufficient [for purposes of] summary judgment." *Padgett v. Baxley & Appling County Hosp. Auth.*, 321 Ga. App. 66, 70 (1) (741 SE2d 193) (2013).

In this case, no sworn or certified copies of any documents allegedly provided by Doe to the doctor were attached to the doctor's affidavit. Moreover, as the trial court found and as Doe acknowledges in his brief, the affidavit did not even identify specific documents reviewed by the doctor. Doe nevertheless argues that the trial court's concerns with the affidavit were allayed by his filing of a brief in which he identified "categories of documents" purportedly reviewed by the doctor. But "assertions of fact contained in the briefs of the parties do not, standing alone, constitute competent evidence for the resolution of a summary judgment issue." *Bone*

4

*v. Children's Place*, 297 Ga. App. 367, 370 (3) (677 SE2d 404) (2009) (citation and punctuation omitted). See also *Tselios v. Sarsour*, 341 Ga. App. 471, 475 (800 SE2d 636) (2017) (a brief is not proper evidence for purposes of summary judgment).

Since the affidavit did not identify what documents the doctor had reviewed and no sworn or certified copies of such documents were attached, "we have little hesitancy in concluding that the affidavit . . . was wholly deficient under the mandates of OCGA § 9-11-56 (e)[, and therefore] the trial court did not err in granting [the] motion to strike." *Brown v. Apollo Indus.*, 199 Ga. App. 260, 262 (1) (404 SE2d 447) (1991). See also *McGuire Holdings v. TSQ Partners*, 290 Ga. App. 595, 599 (1) (b) (660 SE2d 397) (2008) (failure to attach sworn or certified copies of documents to an affidavit as required by OCGA § 9-11-56 (e) "provides a separate basis for the trial court's exclusion of [the] affidavit").

3. *Summary judgment.*

Doe challenges the trial court's grant of summary judgment to Roe on his claims and the court's denial of summary judgment to him on Roe's counterclaims.

> [T]o prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact, so that the party is entitled to judgment as a matter of law[.] A defendant may do this by either presenting evidence negating an essential element of the plaintiff's claims or establishing from the record an absence of

5

evidence to support such claims. Thus, the rule with regard to summary judgment is that a defendant who will not bear the burden of proof at trial need not affirmatively disprove the nonmoving party's case, but may point out by reference to the evidence in the record that there is an absence of evidence to support any essential element of the nonmoving party's case. Where a defendant moving for summary judgment discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

*Cowart v. Widener*, 287 Ga. 622, 623 (1) (a) (697 SE2d 779) (2010) (citations and punctuation omitted). On appeal, "[w]e review a grant or denial of summary judgment de novo and construe the evidence in the light most favorable to the nonmovant." *9766, LLC v. Dwarf House*, 331 Ga. App. 287, 288 (771 SE2d 1) (2015) (citation and punctuation omitted).

So viewed, the evidence shows that from January 2017 until April 2019, Doe and Roe had a sporadic personal relationship during which they engaged in sexual intercourse on multiple occasions. They both also had other sexual partners, including partners who had cold sores associated with herpes virus HSV-1. In 2017, Doe obtained and took a prescription medication to treat herpes after having received oral sex from a woman who had a history of cold sores. In 2019, Roe told Doe that the father of her child had HSV-1 and that she was no longer having sex with him; but she later admitted that she was in fact still having sex with him and acknowledged

6

that he had a history of cold sores. A few days after Doe and Roe last had sexual intercourse, Doe had an outbreak of sores on his penis and he later tested positive for HSV-1. He told Roe about the outbreak, and thereafter she also tested positive for HSV-1. Doe subsequently told other people that Roe has genital herpes. In their respective affidavits and depositions, Doe and Roe each claimed to have never previously exhibited symptoms of or been diagnosed with genital herpes.

(a) *Doe's negligence and gross negligence claims.*

Georgia law recognizes that a person can "be held liable in tort for negligently or deliberately infecting [another] with herpes, a sexually transmitted disease." *Beller v. Tillbrook*, 275 Ga. 762 (1) (571 SE2d 735) (2002). Accord *Long v. Adams*, 175 Ga. App. 538, 539-541 (2) (333 SE2d 852) (1985). "It is well established that to recover for injuries caused by another's negligence, a plaintiff must show four elements: a duty, a breach of that duty, *causation*, and damages." *Collins v. Athens Orthopedic Clinic*, 307 Ga. 555, 557 (2) (837 SE2d 310) (2019) (citation and punctuation omitted; emphasis supplied). "[E]xpert evidence typically is not required to prove causation in a simple negligence case." *Cowart*, supra at 622.

> But even in simple negligence cases, plaintiffs must come forward with expert evidence in order to survive a defense motion for summary judgment when medical questions relating to causation are involved.

7

Medical questions are presented when the existence of a causal link between the defendant's conduct and the plaintiff's injury cannot be determined from common knowledge and experience.

*Nixon v. Pierce County School Dist.*, 322 Ga. App. 745, 748 (1) (746 SE2d 225) (2013) (citations and punctuation omitted).

Under the facts of the instant case, Doe was required to come forward with expert evidence in order to survive Roe's motion for summary judgment on his negligence claims because medical questions related to causation are involved. The crux of Doe's negligence and gross negligence claims is that Roe transmitted genital herpes to him. While both Doe and Roe deposed that they each tested positive for HSV-1 after Doe's outbreak, Doe has cited no medical evidence showing that a positive test for that virus necessarily means that a person has genital herpes. Moreover, he has cited no evidence that Roe contracted that virus before him, transmitted it to him, and thereby caused him to have an outbreak of genital herpes. Given the record before us, such medical questions regarding how and when each of them contracted the virus, diagnoses as to their medical conditions, and whether Roe's conduct caused Doe's alleged injury "can be answered accurately only by witnesses with specialized expert knowledge." *Cowart*, supra at 629 (2) (b). See also *Ellis v. Hartford Run Apartments*, 335 Ga. App. 118, 122 (2) (c) (i) (779 SE2d 103)

8

(2015) (plaintiff must submit expert medical testimony to establish a causal link between exposure to a substance and a medical condition); *Allstate Ins. Co. v. Sutton*, 290 SE2d 154, 160 (3) (b) (658 SE2d 909) (2008) (diagnosis of a disease or medical condition is a medical question to be established by a physician as an expert witness and not by a lay person). Doe failed to come forward with any such expert evidence regarding causation: even the excluded doctor's affidavit discussed above in Division 2 contained no expert opinion regarding causation. So the trial court correctly granted summary judgment to Roe on Doe's negligence and gross negligence claims. Compare *Gilbert v. R. J. Taylor Mem. Hosp.*, 265 Ga. 580, 581 (458 SE2d 341) (1995) (opposing expert affidavits about whether or not plaintiff had cancer created triable issue of fact).

(b) *Doe's battery claim.*

"The touching of another without [his] consent, even if minimal, constitutes a battery. . . . Nevertheless, unauthorized touching alone is not enough; battery is an intentional tort, and it is the intent to make either harmful or insulting or provoking contact with another which renders one civilly liable for a battery." *Kohler v. Van Pateghem*, 330 Ga. App. 230, 234 (1) (767 SE2d 775) (2014) (citations and punctuation omitted), overruled in part on other grounds in *Lee v. Smith*, 307 Ga. 815,

9

823 (2) (838 SE2d 870) (2020). Although Doe acknowledges that he consented to sexual intercourse with Roe, he claims that she is liable for an intentional battery because she had sex with him while knowing that she had genital herpes. But Roe has pointed to deposition testimony and an affidavit showing that before their last sexual encounter, she had never exhibited symptoms of genital herpes, had never been diagnosed with it, and had no reason to suspect that she might have it. Given this evidence, in order to avoid summary judgment, Doe cannot rest on his allegations and must to point to specific evidence giving rise to a triable issue as to his claim that Roe knew she had genital herpes. See *Cowart*, supra at 623 (1) (a); OCGA § 9-11-56 (e). But he has failed to do so, relying on his own speculation and conjecture. Moreover, the fundamental premise of his battery claim — that Roe actually had genital herpes and transmitted it to him — is not, as discussed above, supported by expert medical testimony. Under these circumstances, we find that the trial court properly granted summary judgment to Roe on the battery claim since mere "speculation is not enough [to create a genuine issue of material fact]. See *Berry v. Hamilton*, 246 Ga. App. 608, 610 (541 SE2d 428) (2000) (holding that mere conjecture is insufficient to defeat summary judgment)[.]" *Cowart*, supra at 636 (3) (d) (punctuation omitted).

(c) *Doe's claims for attorney fees and punitive damages*.

10

Doe reasons that his derivative claims for attorney fees and punitive damages should be reinstated to the extent his underlying claims discussed above survive summary judgment. But since we have held that those underlying claims do not survive summary judgment, the "derivative claims of attorney fees and punitive damages will not lie in the absence of a finding of compensatory damages on an underlying claim." *Houston Hospitals v. Felder*, 351 Ga. App. 394, 399 (4) (829 SE2d 182) (2019) (citation and punctuation omitted).

(d) *Roe's counterclaim for intentional infliction of emotional distress.*

Doe contends that he is entitled to summary judgment on Roe's counterclaim for intentional infliction of emotional distress. We agree.

> Georgia has long recognized a cause of action for intentional infliction of emotional distress. However, the burden which the plaintiff must meet in order to prevail in this cause of action is a stringent one. To prevail, a plaintiff must demonstrate that: (1) the conduct giving rise to the claim was intentional or reckless; (2) the conduct was extreme and outrageous; (3) the conduct caused emotional distress; and (4) the emotional distress was severe.

*McClendon v. Harper*, 349 Ga. App. 581, 589 (2) (826 SE2d 412) (2019) (citations and punctuation omitted).

Roe first claims that Doe is liable for intentional infliction of emotional distress because he made false statements about her to other people. But "[i]t is well settled

11

that the [alleged] conduct must have been directed at the plaintiff in order to be actionable under a theory of intentional infliction of emotional distress." *Reece v. Chestatee State Bank*, 260 Ga. App. 136, 142 (2) (579 SE2d 11) (2003).

> [E]ven malicious, wilful or wanton conduct will not warrant a recovery for the infliction of emotional distress if the conduct was not directed toward the plaintiff. Defamatory remarks made to others or to the public in general are classic examples of conduct that, though harmful to the plaintiff, was directed toward the hearer of the statements, not to the plaintiff, and thus is not actionable as intentional infliction of emotional distress.

*Lively v. McDaniel*, 240 Ga. App. 132, 134 (2) (522 SE2d 711) (1999) (citations and punctuation omitted).

Roe also alleges that Doe tricked her into giving him her phone and ran away with it and that he threatened legal action against her. But such alleged conduct does not satisfy the second element of extreme and outrageous conduct required for an intentional infliction of emotional distress claim. See *Howerton v. Harbin Clinic, LLC*, 333 Ga. App. 191, 204-205 (2) (776 SE2d 288) (2015) ("Georgia's definition of [outrageous conduct] provides a high degree of tolerance for a wide variety of questionable conduct.").

> Under the second element, it has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been

12

characterized by malice, or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Whether actions rise to the level of extreme and outrageous conduct necessary to support a claim of intentional infliction of emotional distress is generally a question of law.

*McClendon*, supra at 589-590 (2) (citation and punctuation omitted). While Doe's alleged conduct may have been questionable, we "conclud[e] as a matter of law that [it] did not rise to the requisite level of outrageousness and egregiousness to sustain a claim for intentional infliction of emotional distress." *Reece*, supra at 142 (2). See also *Howerton*, supra at 205-206 (2) (a) (vulgar, tasteless, rude, or insulting conduct will not support a claim for intentional infliction of emotional distress); *Ashman v. Marshall's of MA*, 244 Ga. App. 228, 229 (1) (535 SE2d 265) (2000) (actionable conduct does not include insults or threats).

Furthermore, even if some of Doe's other alleged acts of harassment were deemed outrageous, Roe also has not satisfied the fourth required element of a claim for intentional infliction of emotional distress — showing that the emotional distress she allegedly suffered was severe. See *Abdul-Malik v. AirTran Airways*, 297 Ga. App. 852, 858 (1) (678 SE2d 555) (2009). "The law intervenes only where the distress

13

inflicted is so severe that no reasonable [person] could be expected to endure it. The distress must be reasonable and justified under the circumstances, and there is no liability where the plaintiff has suffered exaggerated and unreasonable emotional distress." *Sevcech v. Ingles Mkts.*, 222 Ga. App. 221, 223-224 (3) (474 SE2d 4) (1996) (citation and punctuation omitted). "Whether severe emotional distress can be found, based on the evidence presented, is a question for the court to decide." *The Plantation at Bay Creek Homeowners Assn. v. Glasier*, 349 Ga. App. 203, 212 (7) (825 SE2d 542) (2019) (citation and punctuation omitted).

Roe cites her own affidavit in which she claims that she has experienced embarrassment, depression, suicidal thoughts, and anxiety, resulting in weight loss, hair loss, and diabetes complications. But she has not cited any evidence showing that she has taken medication or sought professional treatment for any of these alleged conditions. On the contrary, at her deposition, she admitted that she has not seen a counselor or therapist and that she has not been diagnosed with any mental or psychological condition.

"While unpleasant, the [alleged hair loss] and weight [loss] are not so severe that no reasonable person could be expected to endure them." *Abdul-Malik*, supra at 858 (1). Moreover, as for Roe's other allegations of emotional distress, given the lack

14

of supporting evidence and "her failure to seek medical or psychiatric treatment for [the alleged] symptoms, [she has] not [met the stringent burden of] show[ing] that her [distress was] sufficiently severe." *Jones v. Warner*, 301 Ga. App. 39, 43 (3) (686 SE2d 835) (2009). See also *Howerton*, supra at 207-208 (2) (b) ("To demonstrate that the emotional distress she suffered was severe, a plaintiff must show, at the very least, that physical and/or mental manifestations of that distress required her to seek medical or psychological treatment."); *Jones v. Fayette Family Dental Care*, 312 Ga. App. 230, 233-234 (718 SE2d 88) (2011) (evidence of distress including a depressed sex drive was insufficient as a matter of law to prove severe emotional distress, given that plaintiff "sought no treatment from any type of doctor, psychiatrist, psychologist, or counselor"); *Abdul-Malik*, supra at 858 (1) (emotional distress not severe where plaintiff did not take medication or seek professional help); *Odem v. Pace Academy*, 235 Ga. App. 648, 656 (2) (510 SE2d 326) (1998) (where plaintiff claimed stress, humiliation, and high blood pressure but sought no professional advice from doctors or counselors, emotional distress was not severe).

> At the summary judgment stage, a court must determine, as a matter of law, whether the available evidence would permit a jury to find both that the defendant's conduct rose to the level of outrageousness required to support an intentional infliction of emotional distress claim

and whether the distress suffered by the plaintiff rose to the level of severity required to recover for such a claim.

*Howerton*, supra at 205 (2). In this case, because the available evidence would not permit a jury to make the necessary findings, "[t]he trial court erred in denying [Doe's] motion for summary judgment on [the counter]claim for intentional infliction of emotional distress." *Northside Hosp. v. Ruotanen*, 246 Ga. App. 433, 436 (541 SE2d 66) (2000).

(e) *Defamation counterclaims.*

Doe contends that the trial court erred in denying his motion for summary judgment as to Roe's defamation counterclaims. We disagree.

"In Georgia, a viable cause of action for defamation, whether slander or libel, consists of (1) a false and defamatory statement concerning the plaintiff; (2) an unprivileged communication to a third party; (3) fault by the defendant amounting at least to negligence; and (4) special harm or the actionability of the statement irrespective of special harm." *Examination Mgmt. Svcs., v. Steed*, 340 Ga. App. 51, 53 (1) n. 3 (794 SE2d 678) (2016) (citation and punctuation omitted). A written defamation is libel and an oral defamation is slander. *Cottrell v. Smith*, 299 Ga. 517, 522 (II) (A) (788 SE2d 772) (2016); OCGA §§ 51-5-1 & 51-5-4. Defamation per se

16

consists of words which are recognized as injurious on their face without the aid of extrinsic proof. *Cottrell*, supra at 523-524 (II) (A).

Here, the record contains evidence that Doe sent text messages to three people telling them that Roe has genital herpes and has spread it to others, and that he called two people and told them that she had given him a sexually transmitted disease. Such evidence, coupled with Roe's evidence that she has never had symptoms of or been diagnosed with genital herpes, was sufficient to create genuine issues of material fact as to whether the alleged statements were defamatory. See OCGA § 51-5-4 (a) (2) (defamation consists of falsely charging a person with having some contagious disorder). So the trial court did not err in denying summary judgment to Doe on Roe's defamation counterclaims. See *Cowart*, supra at 623 (1) (a) (party moving for summary judgment must show that there is no genuine issue of material fact); OCGA § 9-11-56 (c).

(f) *Counterclaim for false light invasion of privacy.*

"To establish a claim of false light invasion of privacy, a plaintiff must show the existence of false publicity that depicts the plaintiff as something or someone which he is not. Next, the plaintiff must demonstrate that the false light in which he was placed would be highly offensive to a reasonable person." *Williams v. Cobb*

17

*County Farm Bureau*, 312 Ga. App. 350, 353 (2) (b) (718 SE2d 540) (2011) (citations and punctuation omitted). Doe argues that Roe's false light claim cannot survive summary judgment because she cannot show that the statements discussed above in Division 3 (e) are false. But as explained above, there is some evidence creating genuine issues of material fact as to whether the statements were false. So Doe was not entitled to summary judgment on the false light counterclaim.

*Judgment affirmed in part; reversed in part. Rickman, C. J., and Senior Appellate Judge Herbert E. Phipps concur*.